**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PAUL SMITH,

                         Plaintiff,

        v.                               No. 11-CV-282
                                           (NAM/CFH)

JOSEPH A. ROCK, Superintendent, Upstate Correctional
Facility, <u>et</u> <u>al.</u>,

                         Defendants.

---

**APPEARANCES:**                      **OF COUNSEL:**

PAUL SMITH
Plaintiff Pro Se
00-A-2268
Upstate Correctional Facility
Post Office Box 12953
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN        MICHAEL G. McCARTIN, ESQ.
Attorney General for the             Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER[1]**

Plaintiff <u>pro</u> <u>se</u> Paul Smith ("Smith"), an inmate in the custody of the New York State

Department of Corrections and Community Supervision ("DOCCS"), brought this action

---

    [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

while he was incarcerated pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. Compl. (Dkt. No. 1). Presently pending is defendants' motion to dismiss the action pursuant to Fed. R. Civ. P. 37 for Smith's failure to attend his deposition and alternatively pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or comply with a court order. Dkt. No. 68. Smith has failed to respond to the motion. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

On March 15, 2011, Smith commenced this action while in DOCCS custody. Compl. As is relevant to the pending motion, on May 29, 2012, the Court issued a scheduling order in this action which included, in relevant part, that

> [t]he defendant(s) are granted leave to take the deposition of plaintiff(s) pursuant to Fed. R. Civ. P. 30(a)(2)(B). Defense counsel shall provide plaintiff(s) with notice of the date of the deposition . . . **PLAINTIFF(S) SHALL TAKE NOTICE that** . . . [t]he failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37.

Dkt. No. 52, p.3-4, (I)(D).

On July 11, 2012, Smith was mailed a Notice of Deposition informing him of his deposition to be held on August 17, 2012 at Great Meadow Correctional Facility. Dkt. No. 68-4. That deposition was commenced; however, when questioning began about the instant claim Smith got aggravated and upset that he was being deposed during Ramadan and that because of his fasting he was no longer feeling well. Smith Dep. (Dkt. No. 68-3) at 39-46. Smith reached the point where he refused to answer any further questions and the deposition was concluded, though it was incomplete. Id. at 46-47. Smith "did not object to

2

his deposition proceeding during Ramadan, either in writing after receiving notice of the deposition date, nor verbally at the beginning of his deposition testimony." McCartin Decl. (Dkt. No. 68-2) ¶ 6.

Defendants then filed a motion for sanctions. Dkt. No. 64. The undersigned scheduled a telephone conference to discuss the issues with the parties, which was held on May 15, 2013. Dkt. No. 65. At the conclusion of the conference, the Court issued a written order denying defendants' motion for sanctions without prejudice and with leave to renew if Smith failed to appear and participate in a second deposition, which was to be conducted by defendants prior to Ramadan on July 9, 2013. Dkt. No. 66; see also McCartin Decl. ¶¶ 11-12.

On May 15, 2013, Smith was served with a notice of deposition stating that the deposition would be taken on June 27, 2013 at 11:00 AM at Great Meadow Correctional Facility. Dkt. No. 68-6 at 2. Smith then filed a letter with the undersigned requesting that McCartin come to Upstate Correctional Facility to conduct the deposition due to "the body count" and an unspecified "fear of [his] life . . . ." Dkt. No. 67. However, the letter made clear that Smith received the deposition notice.

On June 20, 2013, an Upstate Corrections Officer went to Smith's cell "to ensure that he would be transported . . . to Great Meadow Correctional Facility for a deposition in the above-entitled action to take place on June 27, 2013. At that time, [Smith] refused to pack up and prepare himself to be moved." Charland Decl. (Dkt. No. 68-7) ¶ 3. Accordingly, an interdepartmental memorandum was authored which read "'I, SMITH, PAUL . . . , am refusing to be sent to my upcoming Deposition Appearance . . . I understand that the Court will receive a copy of this as notice so that they are aware of my refusal and that my said

3

refusal will result in a dismissal of this case." Dkt. No. 68-8. Smith refused to sign the document, as indicated by the Upstate Corrections Officer. Id.; see also Charland Decl. ¶ 4.[2]

This motion followed. Dkt. No. 68. Smith has filed no opposition to said motion. Since this motion was filed, over nine months have passed.

## II. Discussion

### A. Federal Rules of Civil Procedure 37(d)

Defendant first contends that Smith's action should be dismissed pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. This Rule provides that a court may impose sanctions on a party, including dismissal of the action, if the party "fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i), 37(d)(3). As indicated above, Smith was properly notified of his second deposition, acknowledged this notification via communication with the Court, and failed to appear. This was after a conference with the undersigned whereupon it was stressed how important attendance and participation at a deposition was and also after accommodations of Smith's religious observances to avoid the issues which were present during the first deposition. Given Smith's notification of both the importance of the deposition and its occurrence, as well as his warnings about the failure to participate in said deposition, it appears that pursuant to Rule 37(d) Smith's failure to appear as a deponent merits the dismissal of the

---

[2] Due to an administrative oversight at the correctional facility, defendants' counsel was not properly notified and unnecessarily traveled to Great Meadow Correctional Facility, with a court reporter, to attend the non-existent deposition.

action.

## B. Federal Rules of Civil Procedure 41(b)

Alternatively, defendants rely on the Federal Rules of Civil Procedure 41(b) which

provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with

[the Federal Rules of Civil Procedures] or a court order . . . ."  Id.; see Link v. Wabash R.R.

Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y.

1998); see also N.D.N.Y.L.R. 41.2(b).

Since a Rule 41(b) dismissal is a "harsh remedy . . . [it] is appropriate only in extreme

situations."  Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).

Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss

for procedural deficiencies. . . .'"  Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting

Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477

(2006).  To determine whether dismissal for failure to prosecute is appropriate, courts

should consider:

> (1) the duration of plaintiff's failure to comply with the court order,
> (2) whether the plaintiff was on notice that failure to comply would
> result in dismissal, (3) whether the  defendant[] is likely to be
> prejudiced by further delay . . . (4) a balancing of the court's
> interest in managing its docket with the plaintiff's interest in
> receiving a fair chance to be heard, and (5) whether the judge has
> adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535; see also Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994).

A review of this case's procedural history shows that Smith's inactivity has been

persistent as of late.  Smith has not had any contact with the Court since the letter he filed

in May of 2013, over ten months ago.  Smith participated in the telephone conference and was advised and understood the importance of participating in his second deposition, yet failed to attend, contact opposing counsel or the Court, or file an opposition to explain himself.  Specifically, Smith was on notice that failure to comply and respond may result in the dismissal of the action.  Thus, for at least the past ten months, Smith has not communicated with the Court nor the defendant in any manner.  Such represents a conscious choice and the duration of this failure is substantial, with no end to the inaction in sight. See N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

Defendants have been prejudiced by Smith's failure to participate in discovery.  First, defendants have been denied access to necessary information to defend themselves.  Second, defendant has acted in good faith in responding to Smith's claims while the Court has allowed Smith to participate in discovery and given him the opportunity to respond to defendants' motions.  Third, defendants are also prejudiced in their constant need to research and file correspondence and motions to address Smith's persistent failures.  Fourth, and to a lesser extent, defendants' prejudice also includes the costs incurred by defendants in attending both depositions.

Lastly, the need to eliminate court calendar congestion and the availability of lesser sanctions both militate in favor of granting the present motion.  The need to alleviate court calendar congestion weighs in favor of dismissal based upon the age of this case.  This case, which is not unduly complex, has been pending for over three years.  The guideline for completion of cases in this district is eighteen months. See N.D.N.Y. Gen. Order 25 (directing the timely progression of civil actions).  Thus, this action has been pending longer

than the guideline for completion.

With this delay must also be balanced Smith's right to due process. Smith's right to due process has been scrupulously honored here. He has received two opportunities to give the deposition which he is obliged to give. Smith blatantly refused to attend and participate in the second deposition despite a previous conversation with the Court during the May 2013 conference and following Court Order. Smith has been notified that failure to participate in discovery, appear for a deposition, and respond to a pending motion may result in the dismissal of his action. In short, Smith has received a fair chance to be heard.

Against this must be balanced the efficacy of lesser sanctions than dismissal. Courts have "broad discretion to enforce discovery obligations and may, in appropriate circumstances, use the extreme sanction of a default judgment . . . ." United States v. Aldeco, 917 F.2d 689, 690 (2d Cir. 1990) (citations omitted); Fed. R. Civ. P. 37(d). As discussed supra, Smith received adequate notice concerning the consequences of his failures and, thus, the only question that remains is whether the sanction of dismissal is appropriate. First, Smith has failed to comply with a court-ordered deposition. See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 763-65 (2d Cir. 1990) (affirming dismissal of an action for pro se plaintiff's failure to appear at the deposition). Smith was also informed by defense counsel and DOCCS personal that the consequence of his actions in failing to appear at the deposition would result in a motion seeking to dismiss his case.

Smith's failure to attend a court-ordered deposition and communicate with defendants and the Court during the discovery phase of his lawsuit evidences an intent to abandon this action. To recommend otherwise would jeopardize the Court's legitimate interest in managing a congested docket with efficiency. Moreover, because the Court has already

7

granted Smith a second deposition, at the cost of defendants' counsel's time, energy, effort, and capital, any lesser sanctions would be only temporarily prolonging the life of the action. Moreover, lesser sanctions are insufficient to address the prejudice to defendants. Monetary sanctions to compensate defendants for their costs of the deposition would be empty gestures in light of Smith's in forma pauperis status.  Allowing adverse inferences against Smith from his refusal to be deposed still would not replace for defendants the information they need from Smith to defend the claims.  Precluding Smith from testifying at trial would be tantamount here to dismissal since Smith likely could not surmount a motion for a directed verdict without his own testimony.  In these circumstances, then, only dismissal remains as a viable means of addressing Smith's conduct and the prejudice to defendants.

Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing Smith's repeated and ongoing failures to fulfill his obligations to cooperate in discovery.  Smith has been given repeated opportunities to fulfill those obligations and to be deposed.  He has regularly failed to do so. No meaningful alternative but dismissal is left.

Accordingly, defendants' motion for dismissal pursuant to Fed. R. Civ. P. 41 should be granted.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 68) be **GRANTED** and Smith's complaint be **DISMISSED** due to his failure to attend a court-ordered deposition and diligently prosecute this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).


Dated: March 21, 2014
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge